UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Bryan Edward Hiyas,<br><br>  Plaintiff,<br><br>  v.<br><br>Trans Union, et al.<br><br>  Defendant. | Case No. 2:24-cv-00388-APG-BNW<br><br>**Order** |

On March 1, 2024, this Court granted Plaintiff's request to proceed *in forma pauperis* and screened his complaint. ECF No. 3. This Court denied certain claims, noting the complaint was devoid of factual allegations, and gave Plaintiff a deadline of April 1, 2024, to file an amended complaint. In addition, the Court recommended that his claims under Title 18 of the United States Code be dismissed with prejudice. Since then, the District Judge adopted the Report and Recommendation and dismissed the claims under Title 18 of the United States Code with prejudice. ECF No. 6. The Court now screens Plaintiff's First Amended Complaint, filed on March 13, 2024.

I.  ANALYSIS

  A.  **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Once again, Plaintiff's complaint is void of any factual allegations. *See* ECF No. 1-1. He names three defendants—Experian, Equifax, and Trans Union—and alleges the same facts he did in his original complaint: that Defendants "unlawfully used Bryan Edward Aguilar Hiyas CR without written consent." *Id*. In addition, he alleges "defamation on credit report with negative reports." *Id*. The cause of action he lists is under Title 18 of the United States Code. *Id*. Lastly, he seeks damages in excess of a million dollars. *Id*.

As explained before, Plaintiff does not have a private right of action to bring claims under Title 18 of the United States Code. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

In addition, even liberally construing Plaintiff's amended complaint, it does not state sufficient factual allegations about the underlying dispute and the Defendants' role in the matter to state a claim. This has been explained to Plaintiff previously—yet his amended complaint is almost identical to the original one.

The Court will give him *one last chance* to amend his complaint. He cannot alleges a violation under Title 18 of the United States Code. To the extent he believes he has another claim

against these Defendants, he must provide the facts to support his allegations and explain the reason why he believes each Defendant is liable. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief. To the extent Plaintiff is alleging constitutional violations, he must explain how each of the Defendants violated the Constitution.

If Plaintiff chooses to file an amended complaint, the document must be titled "Second Amended Complaint." The Second Amended Complaint must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Additionally, Plaintiff is advised that if he files a Second Amended Complaint, the previous complaints no longer serve any function in this case. As such, the Second Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's Second Amended Complaint complete.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** Plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by April 26, 2024. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: March 22, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE